UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4296 FMO (MRWx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Emelyn Janette Diaz v. Pilot Air Freight, LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):    Attorney Present for Defendant(s):

None Present    None Present

**Proceedings:**     (In Chambers) Order Remanding Action

On April 17, 2024, Emelyn Janette Diaz ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Pilot Air Freight LLC ("Pilot" or "defendant"), asserting state law claims relating to her employment with defendant. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 5-1, Complaint). On May 23, 2024, Pilot removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b). (See Dkt. 1, NOR at ¶¶ 5-36). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4296 FMO (MRWx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Emelyn Janette Diaz v. Pilot Air Freight, LLC | | |

motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a),[2] complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[3] See 28 U.S.C. § 1332(a).

Pilot, a limited liability company ("LLC"),[4] contends that complete diversity exists because plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶¶ 8-10), and Pilot is "incorporated in the State of Delaware, with its principal place of business and headquarters located in Glenn Mills, Pennsylvania." (See id. at ¶ 12). In setting forth the "applicable legal standard[]" for determining the citizenship of a party, (see id. at ¶ 7), Pilot improperly relies on the standard applicable to corporations despite the fact that it is a LLC. (See id. at ¶ 11) (setting forth the standard applicable to corporations). In other words, Pilot's contention that it is "incorporated in the State of Delaware, with its principal place of business and headquarters located in Glenn Mills, Pennsylvania[,]" (id. at ¶ 12), is irrelevant to the determination of Pilot's citizenship. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014) ("An LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). This is because LLCs are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

[3] Defendant seeks only to invoke the court's diversity jurisdiction. (See Dkt. 1, NOR at ¶¶ 15 & 36).

[4] Pilot, inexplicably, failed to acknowledge in the NOR that it is an LLC. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4296 FMO (MRWx) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Emelyn Janette Diaz v. Pilot Air Freight, LLC | | |

(9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted).

Further, although Pilot states that Maersk Logistics & Services USA ("Maersk") is the sole member of Pilot, and that Maersk is incorporated in Delaware, with its principal place of business in New Jersey, (see Dkt. 1, NOR at ¶ 13), it fails to indicate whether Maersk is a corporation or an LLC. (See, generally, id.); (Dkt. 6, Declaration of Stacy O'Leary at ¶ 3); see also Johnson, 437 F.3d. at 899 ("In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity."). Thus, Pilot has failed to establish its citizenship and that of its members, and has therefore failed to show that complete diversity of the parties exists. See, e.g., Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. Appx 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity); Amescua v. Peacock TV LLC, 2024 WL 39192, *3 (C.D. Cal. 2024) (remanding action where LLC defendant "fail[ed] to specifically identify [its] member's members and allege each one's citizenship").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for diversity jurisdiction.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer     vdr